UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SCOTT GRIVOIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-07-62-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO ALTER OR AMEND COURT'S ORDER
ON PAYMENT OF ATTORNEY'S FEES**

On January 18, 2008, the Court granted the Commissioner's motion to remand this case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g). *Order* (Docket # 13). On February 14, 2008, the Plaintiff filed an Equal Access to Justice Act (EAJA) motion for an award of fees and expenses in the amount of $3,200.00. *EAJA Application for Fees and Expenses* (Docket # 15). On February 25, 2008, the Commissioner filed a separate consent motion for an order accepting a settlement agreement on attorney's fees. *Consent Mot. for Entry of Order Accepting the Parties' Settlement Agreement on Att'y's Fees* (Docket # 16). On February 26, 2008, the Court issued a standard order, mooting the Plaintiff's motion and granting the consent motion without objection. *Order* (Docket # 17). The Order provided that the Social Security Administration "pay to Plaintiff's attorney the sum of Three Thousand Two Hundred Dollars ($3,200.00) in full settlement of any and all claims for attorney's fees under the [EAJA], 28 U.S.C. § 2412(d)." *Id.*

On February 26, 2008, the Commissioner moved to amend the February 26, 2008 Order to clarify that payment should be made "to the plaintiff not his attorney." *Mot. to Alter or Am.*

*Ct.'s Order on Payment of Attorney's Fees Under the Equal Access to Justice Act* at 1 (Docket # 18). The Commissioner notes that the EAJA provides for payment to a prevailing party. *Id.* Plaintiff's counsel objects, noting that his agreement with Mr. Grivois calls for payment to him, not his client, and that this motion is part of a Department of Justice initiative to divert payments from the EAJA and recoup back taxes and similar monies from clients using the mechanism of the EAJA. *Pl.'s Objection to Def.'s Mot. to Am. the EAJA Order* at 1 (Docket # 19).

The Court DENIES the Commissioner's motion. The language in the Court's Order is precisely the same as countless prior orders issued in this District on similar consent motions and the Commissioner should have anticipated that the Court would use the same language. Regardless of the merits of the motion, if the Commissioner had wished to raise a new issue of statutory or contractual interpretation, he should have done so before, not after, the Order issued. The Court concludes that the Commissioner has waived his argument against the Order. The Commissioner is free to raise the question of who has a right to payment, the party or the attorney, under the EAJA in the future, but before, not after, an Order is issued on a similar motion.

SO ORDERED.

/s/ John A. Woodcock
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2008